Valentino and Whalen, JJ.
(dissenting). We respectfully dissent. We disagree with the majority’s conclusion that defendant met her initial burden of establishing lack of constructive notice. To the contrary, we conclude that there are issues of fact concerning the nature of the alleged defect that caused the chair to collapse and the reasonableness of defendant’s preaccident inspection practices, i.e., whether reasonable inspection practices should have alerted defendant to the defective condition of the chair, thereby precluding summary judgment to defendant (see generally Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]). Notably, the record is devoid of any evidence of the nature of the defect that caused the chair leg to separate from the seat, and any evidence indicating whether the defect was hidden or observable. Photographs taken of the chair showing its postaccident condition show that the chair leg cleanly separated from the seat and that the leg had been affixed to the seat with some type of fasteners. With respect to the condition of the chair, defendant testified that she had purchased the chair as part of a larger purchase of used chairs, that she did not know the weight capacity of the chairs, and that some of her restaurant patrons probably weighed 300 pounds or more. With respect to defendant’s preaccident inspection practices, defendant testified that she inspected the chairs approximately once per month, “to make sure that everything is solid[,] feels good and everything is in shape.” Defendant failed to submit any evidence, however, as to when she last conducted an inspection of the chair and its fasteners prior to the injury of plaintiff Joseph Catalano (see Bailey v Curry, 1 AD3d 1059, 1059 [2003]; cf. Anderson v Justice, 96 AD3d 1446, 1447-1448 [2012]) and, in the absence of such evidence, we conclude that she has failed to establish as a matter of law that she lacked constructive notice of the alleged defect that caused the chair to collapse (see Hayes *1302 v Riverbend Hous. Co., Inc., 40 AD3d 500, 501 [2007]). Defendant also failed to submit any evidence that a reasonable inspection would not have revealed the alleged defect (see Personius v Mann, 20 AD3d 616, 617 [2005], mod on other grounds 5 NY3d 857 [2005]). For the foregoing reasons, we conclude that Supreme Court properly denied defendant’s motion for summary judgment dismissing the complaint and would thus affirm. Present — Smith, J.E, Peradotto, Garni, Valentino and Whalen, JJ.